IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re:
DISCIPLINE OF JANICE S. HAAGENSEN    )
ATTORNEY PA I.D. 49982               )
A MEMBER OF THE BAR OF THE UNITED    ) 09-mc-310
STATES DISTRICT COURT FOR THE        )
WESTERN DISTRICT OF PENNSYLVANIA     )

MEMORANDUM

Gary L. Lancaster,
Chief District Judge.                            March 8, 2010.

This is a disciplinary matter. On December 3, 2009, we entered an order of court taking notice of the fact that attorney Janice S. Haagensen ("Haagensen") had been administratively suspended by the Supreme Court of Pennsylvania. This same order, issued pursuant to the Western District of Pennsylvania's Local Rule of Civil Procedure 83.3.D.2, contained a rule to show cause why an identical, reciprocal order of administrative suspension should not be entered by the United States District Court for the Western District of Pennsylvania. Haagensen filed a response to our rule to show cause, and for the following reasons, we will now enter a reciprocal order administratively suspending Haagensen from the practice of law before this court.

I. Background

Haagensen's disciplinary proceedings stem from a federal court case, Grine v. Coombs, W.D. Pa. Case No. 95-342, where she served as plaintiffs' counsel. The district court dismissed the

Grine case pursuant to Fed.R.Civ.P. 41(b) because of Haagensen's failure to comply with the rules and orders of court. See, Grine v. Coombs, 214 F.R.D. 312 (W.D. Pa. 2003); aff'd, 98 Fed.Appx. 178 (3d Cir. 2004); cert. den., 544 U.S. 922 (2005).

In addition, during the pendency of the Grine case, Haagensen took several improvident and interlocutory appeals to the Court of Appeals for the Third Circuit. Shortly after affirming the dismissal of the Grine lawsuit, the Court of Appeals for the Third Circuit awarded nearly $45,000 to some of the defendants under Federal Rule of Appellate Procedure 38. The Court taxed this amount solely against Haagensen, rather than her client, finding that the frivolous appeals were the result of her professional errors. See Grine v. Coombs, 112 Fed. Appx. 830 (2004); cert. den., 546 U.S. 814 (2005).

In November of 2006, a petition for discipline was filed with the Disciplinary Board of the Pennsylvania Supreme Court ("the Disciplinary Board"), alleging that during the Grine case, Haagensen violated Pennsylvania Rules of Professional Conduct, Rule 3.1 (pertaining to abuse of legal process) and Rule 8.4(d) (pertaining to misconduct). On October 30, 2007, the Hearing Committee found Haagensen guilty of violating both rules. The Disciplinary Board concurred with the finding, ordered a private reprimand for Haagensen, and taxed her $1,499.00 for expenses it incurred during its investigation.

2

Haagensen appealed the Disciplinary Board's decision concerning the private reprimand to the Pennsylvania Supreme Court. On September 25, 2008 the Supreme Court affirmed the Disciplinary Board's decision and ordered the private reprimand. Haagensen failed to appear for her scheduled private reprimand and failed to pay the $1,499.00 in expenses.

As a result of these transgressions, the Disciplinary Board recommended public censure. On November 18, 2009, the Supreme Court rejected the Board's public censure recommendation and, instead, entered an order and rule to show cause why Haagensen should not be suspended for a year and a day. Haagensen never responded to this rule.[1] On that same day, November 18, 2009, the Supreme Court also entered a separate order administratively suspending Haagensen for failing to pay the Disciplinary Board's investigation fees.

This court issued its December 3, 2009 order and rule to show cause why reciprocal discipline should not be enforced in accordance with the Western District of Pennsylvania's L.R.Civ.P. 83.3.D.2. Haagensen filed a response. This matter is now ripe for disposition.

---

[1] Pennsylvania's Supreme Court entered an order on February 17, 2010 making its rule absolute thereby suspending Haagensen for one year and a day. This Court entered an order and rule to show cause on this matter on February 24, 2010. Haagensen has thirty days to respond.

3

## II. Discussion

When an attorney is subject to discipline in any other court, L.R.Civ.P. 83.3.D.2(b) requires the attorney to inform this court of any reason, "predicated upon the grounds set forth in L.R.Civ.P. 83.3.D.4[,]" why the imposition of the identical discipline by this court would be unwarranted. L.R.Civ.P. 83.3.D.2(b).

Pursuant to L.R.Civ.P. 83.3.D.4:

... this Court shall impose the identical discipline unless the [attorney] demonstrates, or this court finds, that upon the face of the record upon which the discipline is predicated it clearly appears that:

a. the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

b. there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject;

c. the imposition of the same discipline by this Court would result in grave injustice; or

d. the misconduct established is deemed by this Court to warrant substantially different discipline.

L.R.Civ.P. 83.3.D.4(a)-(d) (emphasis added). Local Rule 83.D.4. further states:

In the event that an attorney files a timely answer alleging one or more of the elements set forth in LCvR 83.3.D.4, the Chief Judge shall set the matter for prompt hearing ... and make a recommendation to the Board of Judges.

4

L.R.Civ.P. 83.3.D.4.

Instead of specifically delineating which (if any) of the four exceptions applies to her situation, Haagensen has made two general arguments against an order of reciprocal discipline. We find that neither argument falls within any of the four exceptions, and thus, we need not hold a hearing. Further, we find that under the circumstances present here, we are constrained to enforce reciprocal discipline under L.R.Civ.P. 83.3.D.4.

Haagensen first contends that because her administrative suspension from the practice of law in the Commonwealth of Pennsylvania was not predicated on "misconduct," (as defined by the Pennsylvania Rules of Professional Conduct), this court cannot order reciprocal discipline. Haagensen claims that according to the introductory paragraphs to our local rule governing attorney discipline, this court cannot discipline its members for any reason other than "misconduct" as defined by the Pennsylvania Rules of Professional Conduct, Rule 8.4.

Contrary to Haagensen's argument, the introductory paragraphs to our local rules do not limit our ability to discipline attorneys in such a narrow fashion. To the contrary, L.R.Civ.P. 83.3.A.2. reads in pertinent part, "Acts or omissions by an attorney ... that violate the [Rules of Professional Conduct adopted by the Supreme Court of Pennsylvania] shall constitute misconduct and shall be grounds for discipline." See, L.R.Civ.P.

5

83.3.A.2. Under Haagensen's argument, L.R.Civ.P. 83.3.D. would only permit reciprocal discipline when an attorney has been disciplined elsewhere for "misconduct" as defined by Rule 8.4 of Pennsylvania's Rules of Professional Conduct - as opposed to being disciplined for violating any of Pennsylvania's Rules of Professional Conduct.

This narrow reading of our local rules does not comport with the plain and unambiguous language found in L.R.Civ.P. 83.3.D.4, which does not limit the imposition of reciprocal discipline to only those situations where attorney misconduct occurs. To the contrary, L.R.Civ.P. 83.3.D.4 clearly and unequivocally requires this court to impose reciprocal discipline unless the attorney can show that she falls within one of the four exceptions.

We next look to Haagensen's second argument to ascertain if she falls within one of the four exceptions. Haagensen first notes that her administrative suspension arose out of her failure to pay expenses associated with the Disciplinary Board's investigation into allegations of her professional misconduct in a federal court case. She argues that the Disciplinary Board, which she essentially equates to a state-run agency, lacked the jurisdiction to investigate her conduct in <u>Grine v. Coombs</u>, a federal court case.

Haagensen contends that because the Disciplinary Board lacked the jurisdiction to investigate claims of her professional

6

misconduct in the <u>Grine</u> matter, it could not tax her the expenses for its investigation; which, in turn, renders the Pennsylvania Supreme Court's administrative suspension moot or otherwise invalid. According to Haagensen, if the Pennsylvania Supreme Court's administrative suspension is moot or otherwise invalid, there is no reciprocal discipline for this court to enforce.

On November 10, 2008, Haagensen filed a section 1983 action raising these same jurisdictional arguments in federal court. <u>See</u>, <u>Haagensen v. Supreme Court of Pennsylvania</u>, case no. 08-1560 (W.D. Pa. 2008, McVerry, J.). In <u>Haagensen v. Supreme Court of Pennsylvania</u>, Haagensen claimed the that Supreme Court of Pennsylvania, its seven justices, the Disciplinary Board, and others improperly investigated and determined that she violated Pennsylvania's professional conduct rules. Defendants to this action filed a motion to dismiss, and on March 3, 2009, Judge McVerry adopted Magistrate Judge Mitchell's report and recommendation and dismissed the case. <u>See</u>, <u>Haagensen v. Supreme Court of Pennsylvania</u>, 651 F.Supp.2d 422 (W.D. Pa. 2009).

In July of 2009, Haagensen appealed this decision to the Court of Appeals for the Third Circuit and filed a motion requesting a stay of the Pennsylvania Supreme Court's order administratively suspending her. Although the Court of Appeals has not yet fully disposed of Haagensen's appeal on the merits, it has denied Haagensen's motion to stay the Pennsylvania Supreme Court's

order administratively suspending her. (See, Court of Appeals for the Third Circuit Docket No. 09-1957, order dated December 18, 2009.)

In light of the decision rendered by Judge McVerry in Haagensen v. Supreme Court of Pennsylvania, which adopted the lengthy and thorough report and recommendation of Magistrate Judge Mitchell, and considering the current appellate posture of he Haagensen case, this court will not entertain the jurisdictional arguments that Haagensen attempts to re-litigate here. Accordingly, because Haagensen's jurisdictional argument has already been fully and fairly adjudicated before Judge McVerry (and Magistrate Judge Mitchell), and because the Court of Appeals for the Third Circuit has denied her request for a stay of the Pennsylvania Supreme Court's order administratively suspending her, we decline her invitation to yet again entertain her arguments. Further, even assuming she properly asserted an argument here, we find that this argument does not fall within any of the four exceptions to L.R.Civ.P. 83.3.D.4.

In sum, both of Haagensen's arguments fail to demonstrate how the disciplinary action taken against her falls within any one of the four exceptions to L.R.Civ.P. 83.3.D.4. In addition, this court does not find upon the face of the record upon which the administrative suspension was predicated that it clearly appears that any one of the four exceptions apply. For these reasons,

reciprocal discipline in the form of an administrative suspension shall be enforced by this court. An appropriate order shall issue.